The Honorable Ted Thomas State Representative 900 S. Shackleford, Suite 300 Little Rock, Arkansas 72211
Dear Representative Thomas:
This is in response to your request for an opinion on the following question:
 Is the owner of a mobile home who pays property tax on the mobile home a `real estate owner' for purposes of consent to annexation by petition to A.C.A. § 14-40-601?
It is my opinion, although the issue may require a review of the facts surrounding a particular mobile home, that if you are referring to a mobile home owned by one person and placed on land either belonging to or leased from another, that the answer to your question is in all likelihood "no."
The relevant annexation statute, A.C.A. § 14-40-601 provides as follows:
 (a) Whenever a majority of the real estate owners of any part of a county contiguous to and adjoining any city or incorporated town shall desire to be annexed to the city or town, they may apply, by petition in writing, to the county court of the county in which the city or town is situated and shall name the persons authorized to act on behalf of the petitioners.
 (b) The `majority of real estate owners' referred to in this section shall mean a majority of the total number of real estate owners in the area affected, if the majority of the total number of owners shall own more than one-half (1/2) of the acreage affected.
The statute above refers to a majority of the "real estate owners" of the area. Your question is whether the owner of a mobile home, who pays real property taxes on the mobile home is a "real estate owner" and therefore a valid signatory of a annexation petition filed under A.C.A. § 14-40-601. Mobile home owners can be assessed real property taxes on their mobile homes under the authority of A.C.A. § 26-3-203, which provides that "[m]obile homes and manufactured homes permanently affixed to a foundation on property which is owned or leased by the owner of the mobile home or manufactured home shall be deemed real property for the purposes of ad valorem taxation." I assume from the way you have phrased the facts, however (i.e., that the mobile home owner pays property taxes on the mobile home), that the owner of the mobile home does not also own the underlying land, but either leases the land upon which the mobile home is placed, or is otherwise in some manner allowed to place his mobile home on the property of another. Thus, as I understand your question, you refer to a resident whose only potential real estate holding in the area to be annexed is the mobile home.
It is my opinion, although the issue may be one of fact in each instance, that such mobile home ownership is generally not sufficient under A.C.A. § 14-40-601 to create a valid signatory of an annexation petition.
I have found no relevant Arkansas cases addressing the ownership of mobile homes and whether such homes constitute real estate for purposes of signing annexation petitions. Ordinarily, the question of whether a mobile home has become a "fixture" so affixed to the land as to become "real estate" is one of fact, dependent primarily upon the intention of the person affixing the mobile home to the land. See Farmers Mutual Ins.Co. v. Denniston, 237 Ark. 768, 376 S.W.2d 252 (1964). Thus, in order to determine whether a particular mobile home has become "real estate," a court would have to undertake a factual review and hear evidence as to the intention of the mobile home owner. Your question, however, appears to focus not so much on the definition of the term "real estate," as used in the statute, but rather on the fact that most mobile homes are taxable as real property; the implied assertion being that a property owner who is compelled to pay ad valorem real estate taxes on his property should have standing to sign a petition for municipal annexation which would subject his property to municipal ad valorem taxation as well. In my opinion, however, the fact that the mobile home owner pays real property taxes on his mobile home is not determinative of the question of whether he is a valid signatory of an annexation petition. The relevant statute, A.C.A. § 14-40-601, authorizes "real estate" owners to sign the annexation petition. Although the legislature may be free to amend the statute to address the status of mobile home owners, and to recognize the fact that they pay real property taxes, in my opinion, a court would be constrained to construe this statute and the words "real estate" in light of existing applicable Arkansas Supreme Court precedent as to when a mobile home becomes real property.
The Arkansas Supreme Court has very recently discussed whether mobile or manufactured homes constitute real or personal property. In Pledger v.Halvorson (Arkansas Supreme Court, No. 95-1321, April 29, 1996), the court was faced with the question of whether it was legal for the Department of Finance and Administration to levy state sales tax on the purchase of mobile homes which were affixed to realty in a mobile home park. The Department had collected sales tax on the purchases and the taxpayers filed claims for refunds pursuant to a statutory procedure therefor. The taxpayers argued, at least in part, that the mobile homes were "fixtures" rather than "tangible personal property" under the state sales tax provisions, and as such were not subject to the state sales tax. A "fixture" of course, is an article in the nature of personal property which has been so annexed to the realty that it is regarded as a part of the land. See Black's Law Dictionary, (5th Ed. 1979) at 574. The court in Halvorson described the facts as follows:
 All of the taxpayers were commonly situated as purchasers of homes affixed to lands belonging to [a family trust owning a mobile home park]. They pay monthly rental on the grounds around and beneath their mobile homes. Each of the homes had lost its character as transportable because there were no tongues, axles, or wheels on any of the homes and the homes had all been placed on concrete or concrete block foundations with underground utilities and extensive structural modifications including roofs, patios, enclosed porches, and carports. All of the homes were purchased from former owners at the same location and had been utilized as permanent dwellings through as many as four different owners. The proof established the near impossibility of removal of the homes absent extensive and expensive efforts. . . . However, the chancellor also found that ownership of the homes carried with it the right to remove the homes at any time and that the owners have only a leasehold interest in the real property on which the homes are located.
Halvorson, at 2-3.
The court went on to hold that the mobile homes were "tangible personal property" the sales of which were subject to the state sales tax. The court, citing previous case law, first set out the test to determine whether an article remains personal property or becomes a fixture. The test is: 1) whether the items are annexed to the realty; 2) whether the items are appropriate and adapted to the use or purpose of that part of the realty to which the items are connected; and 3) whether the party making the annexation intended to make it permanent. The court focused primarily on the third element, and concluded that because the mobile home owners did not own the land underlying their mobile homes, and always retained the right to remove the mobile homes from the land, the evidence did not support a finding of an intention to permanently affix the homes to the realty. The court thus held that the sales of the mobile homes were subject to state sales tax, and that this conclusion was not prohibited or influenced by other Arkansas statutes which characterized mobile homes as real property for purposes of ad valorem property taxation. The dissenting justice noted that the majority decision placed the taxpayers in "the worst of both worlds," subjecting the sales of their homes to state sales tax and requiring them to pay real property taxes on them as well.
It is my opinion in light of all the foregoing, although the question may be one of fact in each instance, that the ownership of a mobile home, without more, placed on the land of another, will in all likelihood not be deemed to be "real estate" ownership for purposes of A.C.A. §14-40-601.
Two other points support this conclusion. First, the annexation statute itself, A.C.A. § 14-40-601, refers in subsection (b) to the ownership of "acreage." The ownership of a mobile home would of course not fall within this contemplation. Second, it appears in the facts that you have outlined that another person (not the mobile home owner) owns the land underlying the mobile home. This person, as a "real estate owner" of the area affected, would be an authorized signatory of a petition under A.C.A. § 14-40-601. (This is true unless, of course, some other factors would disqualify him). If mobile home owners were authorized signatories, therefore, there would in many cases be multiple representation of particular portions of the area to be annexed, which multiple representation, in my opinion, is not within the contemplation of the statute.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh